# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| SOCIAL SECURITY ADMINISTRATION, Petitioner, | DOCKET NUMBER CB-7521-13-0182-T-1 |
| v. | DATE: December 30, 2014 |
| GERALD I. KRAFSUR, Respondent. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brian Seinberg, Esquire, and Richard V. Blake, Atlanta, Georgia, for the petitioner.

Meeka S. Drayton, Esquire, Seattle, Washington, for the petitioner.

Sharese M. Reyes, Esquire, Baltimore, Maryland, for the petitioner.

Charlton R. DeVault, Jr., Esquire, Kingsport, Tennessee, for the respondent.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1　　The respondent has filed a petition for review of the initial decision, which dismissed the agency's complaint seeking to suspend the respondent for 120 days. Generally, we grant petitions such as this one only when:　the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.　*See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).　After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.　Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

¶2　　The respondent is an Administrative Law Judge (ALJ) in the agency's Office of Disability Adjudication and Review.　In April 2013, the agency-petitioner filed a complaint with the Board seeking to suspend the respondent for 120 days based on charges of neglect of duty and conduct unbecoming an ALJ.　Initial Appeal File (IAF), Tab 1 at 6-13.　In May 2014, the petitioner filed a pleading indicating that it wished to withdraw its complaint or, in the alternative, to have its complaint dismissed without prejudice.　IAF, Tab 44 at 5.　The ALJ assigned to adjudicate the complaint granted the petitioner's motion to dismiss without prejudice.　IAF, Tab 49, Initial Decision at 3.　A week after the ALJ dismissed the suspension complaint, the petitioner filed a new Board complaint seeking to remove the respondent based on a single charge of neglect of duty.　*Social Security Administration v. Krafsur*, MSPB Docket No.

CB-7521-14-0016-T-1, Complaint (May 29, 2014). The conduct that is the subject of the removal complaint took place between June 2013 and May 2014, *id.* at 10-11, and therefore the suspension and removal complaints do not involve any of the same conduct.

¶3    The respondent has filed a timely petition for review of the initial decision dismissing the suspension complaint, arguing that the ALJ should have dismissed the complaint with prejudice and should have awarded him attorney fees. Petition for Review (PFR) File, Tab 1 at 2, 28. He also argues that the ALJ should have recused himself. *Id.* at 25-28. The petitioner has responded in opposition to the petition for review, PFR File, Tab 9, and the respondent has filed a reply, PFR File, Tab 10.[2]

¶4    The respondent does not argue that the suspension complaint should not have been dismissed at all; rather, he argues that the ALJ erred in dismissing the complaint without prejudice. PFR File, Tab 1 at 18-22. Because the petitioner clearly indicated that it no longer wished to pursue disciplinary action against the respondent based on the conduct set forth in the suspension complaint, we find that the appropriate disposition of the complaint is to DISMISS it as WITHDRAWN, as was requested in the alternative by the petitioner.

¶5    The respondent also argues that he is entitled to attorney fees for work performed in response to the suspension complaint. PFR File, Tab 1 at 22-25. However, the respondent's entitlement to attorney fees is not properly before the Board at this stage in the proceedings because the Board has not yet issued a final decision. *See Galatis v. U.S. Postal Service*, 109 M.S.P.R. 651, ¶ 14 (2008) (citing 5 C.F.R. § 1201.203(d)). A motion for attorney fees can be filed within 60 days after the Board issues a final decision. 5 C.F.R. § 1201.203(d).

---

[2] The respondent has moved for leave to supplement his petition for review with newly-discovered evidence. PFR File, Tab 5. Because he has not established that the evidence he seeks to submit would warrant a different outcome in this matter, his motion is denied.

¶6      Although we do not reach the question of the respondent's entitlement to attorney fees at this time, we note that in order to be entitled to an award of attorney fees, a party must establish, among other things, that he was the prevailing party. *Baldwin v. Department of Veterans Affairs*, 115 M.S.P.R. 413, ¶ 10 (2010) (citing 5 U.S.C. § 7701(g)(1)). The Board has held that prevailing party status "depends on the relief ordered in the Board's final decision." *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 9 (2011).[3]

¶7      Finally, the respondent argues that the ALJ was biased against him because of the ALJ's prior employment history and his rulings during this proceeding. PFR File, Tab 1. We find that the respondent's allegations do not overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *See White v. Social Security Administration*, 76 M.S.P.R. 303, 308 (1997), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998) (Table).

¶8      Accordingly, the ALJ's initial decision is AFFIRMED as MODIFIED by this Order. The petitioner's complaint is DISMISSED as WITHDRAWN.

### NOTICE TO THE RESPONDENT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit

---

[3] The Board has held that it may award attorney fees under the Equal Access to Justice Act (EAJA) to the prevailing party in Board proceedings seeking disciplinary actions against ALJs. *National Labor Relations Board v. Boyce*, 51 M.S.P.R. 295, 299-300 (1991) (citing 5 U.S.C. § 504). In applying the EAJA, the Board considers prior judicial interpretations of the term "prevailing party" under other fee-shifting statutes. *Boyce*, 51 M.S.P.R. at 300-01.

717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.